# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| RANDALL PUCKETT, | * | |
| | * | No. 18-564V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: July 1, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza vaccine; |
| AND HUMAN SERVICES, | * | should injury related to vaccine |
| | * | administration ("SIRVA"). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

<u>Shealene P. Mancuso</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>Ronalda E. Kosh</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On July 1, 2020, the parties filed a joint stipulation concerning the petition for compensation filed by Randall Puckett on April 19, 2018. Petitioner alleged that the influenza ("flu") vaccine he received on September 22, 2016, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer shoulder injury related to vaccine administration ("SIRVA"). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $7,237.77, representing reimbursement of the State of West Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:**

   Equian, LLC
   Member: Amy McMasters
   File No.: 11958805-11904072
   P.O. Box 34060
   Louisville, Kentucky 40232-4060

   **This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of West Virginia may have against any individual as a result of any Medicaid payments the state of West Virginia has made to or on behalf of petitioner from the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about September 22, 2016, under Title XIX of the Social Security Act.**

   **Petitioner agrees to endorse this check to the state of West Virginia.**

b. **A lump sum of $100,000.00, in the form of a check payable to petitioner, which represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 18-564V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.