# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
RANDALL PUCKETT,                    *
                                    *    No. 18-564V
            Petitioner,             *
                                    *    Special Master Christian J. Moran
                                    *
v.                                  *    Filed: December 7, 2020
                                    *
SECRETARY OF HEALTH                 *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
* * * * * * * * * * * * * * * * * * * * *
```

<u>Shealene P. Mancuso</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>Ronalda E. Kosh</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Randall Puckett's motion for final attorneys' fees and costs. He is awarded **$19,263.22**.

\* \* \*

On April 19, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine he received on September 22, 2016,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer a shoulder injury related to vaccine administration. Petitioner further alleged that he suffered the residual effects of this injury for more than six months. On July 1, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day.

On August 11, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $19,242.40 and attorneys' costs of $820.82 for a total request of $20,063.22. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On September 9, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

*      *      *

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests the following rates of compensation for the work of his counsel, Ms. Shealene Mancuso: $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Wood v. Sec'y of Health & Human Servs., No. 15-1568V, 2019 WL 518521 (Fed. Cl. Spec. Mstr. Jan. 11, 2019); Ditsche v. Sec'y of Health & Human Servs., No. 18-511V, 2020 WL 1815767 (Fed. Cl. Spec. Mstr. Mar. 10, 2020). Accordingly, the requested hourly rates are reasonable.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and on the whole, the request is reasonable. However, a minor amount of time was billed for administrative tasks such as filing medical records by paralegals and attorneys billing time to direct the filing of those records. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-

relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Additionally, the undersigned notes an overall excessive amount of time billed for the collection of medical records. See Fees App. at 5-7 (frequent entries of at least 0.5 hours to prepare and fax medical records requests). In the undersigned's experience, it should take an experienced paralegal such as those employed at Muller Brazil, LLP approximately half of that amount of time to prepare and send records requests.

Based upon the undersigned's overall perception of the time billed after review, a reduction of $800.00 is appropriate in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). In sum, petitioner is awarded final attorneys' fees of $18,442.40.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $820.82 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and postage. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

E.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$19,263.22** (representing $18,442.40 in attorneys' fees and $820.82 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Shealene Mancuso.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master